United States District Court
Southern District of Texas
ENTERED

NOV 2 1 2008

Michael N. Milby, Clerk of Court
By Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
–BROWNSVILLE DIVISION–

| | |
|---|---|
| CARDINAL HEALTH SOLUTIONS, INC., § <br> Plaintiff § <br> § <br> v. § <br> § <br> VALLEY BAPTIST MEDICAL CENTER § <br> and VALLEY BAPTIST MEDICAL § <br> CENTER - BROWNSVILLE § <br> Defendants § | CIVIL ACTION NO. 1:07-CV-00111 |

## MEMORANDUM OPINION AND ORDER

On August 1, 2008, Defendants and Counter-Plaintiffs Valley Baptist Medical Center and Valley Baptist Medical Center–Brownsville ("Valley Baptist") filed a Motion for Partial Summary Judgment (Doc. No. 68) asking the Court to find Article III, section 3.02(d) of the Pharmacy Agreements between Defendants and Plaintiff Cardinal Health Solutions, Inc. ("Cardinal Health")[1] void as against public policy. Cardinal Health filed its Response on August 21, 2008 (Doc. No. 72), and followed up with a Supplemental Memorandum on September 24, 2008 (Doc. No. 94). On September 26, 2008, the Court held a hearing on all pending motions ("Hearing"), including Defendants' Motion for Partial Summary Judgment. Valley Baptist filed a Reply to Plaintiff's Supplemental Memorandum on October 2, 2008 (Doc. No. 101).

Upon consideration of the parties briefs, as well as the arguments presented at the Hearing of September 26, 2008, the Court DENIES Defendants' Motion.

---

[1] Cardinal Health Solutions, Inc. is a subsidiary of Cardinal Health, Inc. and successor-in-interest to Cardinal Health, 109, Inc., with whom Defendants originally entered the contracts at issue. For ease of reference, these various entities will be collectively termed "Cardinal Health."

I.  **STANDARD OF REVIEW**

Summary judgment is appropriate if the "pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The nonmoving party must go beyond the pleadings and provide specific facts showing that there is a genuine issue for trial. *Id.* at 56(e)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 587 (1986).

Whether a contractual clause is unenforceable on grounds of illegality or public policy is a question of law. *See Fidelity & Deposit Co. of Maryland v. Conner*, 973 F.2d 1236, 1241 (5th Cir. 1992) ("Whether an insurance exclusion violates public policy, like other questions of contract interpretation, . . . is a question of law . . . .") (internal quotation omitted).

II.  **BACKGROUND**[2]

Plaintiff's predecessor-in-interest, Cardinal Health 109, Inc., entered into separate written contracts, known as "Pharmacy Agreements," with Defendants Valley Baptist Medical Center and Valley Baptist Medical Center–Brownsville in 2003 and 2005, respectively. Under these agreements, Cardinal Health operated and managed all aspects of Defendants' pharmacy care services at their respective hospitals. These services included purchasing, dispensing, and administering drugs and biologicals to Defendants' patients, staffing pharmacy units, and a range of other services. At some point in late 2006, a dispute arose between the parties regarding the sums

---

[2] The following factual summary is taken from Plaintiff's Original Complaint (Doc. No. 1) and Defendants' Motion for Partial Summary Judgment (Doc. No. 68).

2

due under the terms and conditions of the Pharmacy Agreements, and Defendants began withholding payments to Plaintiff. Cardinal Health filed the instant suit on July 30, 2007, alleging breach of contract and requesting specific performance of the defendants in the form of payment to Cardinal Health of all monies allegedly owed. Defendants responded by filing an Answer and Counterclaim alleging breach of contract and asking for Declaratory Relief. (Doc. No. 9).[3]

### III.   DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendants contend that "Article III, section 3.02(d) of the Pharmacy Agreements, which seeks to prevent a party from disputing or litigating an invoice, is void as against public policy." (Doc. No. 68 at 5). Defendants advance two independent grounds to support this conclusion. First, the provision acts as a condition precedent to the right to sue for damages in violation of the Texas Civil Practice and Remedies Code. (*Id.* at 6). Second, the provision attempts to establish a limitations period that is shorter than that which is prescribed by Texas law. (*Id.* at 7). The Court addresses each ground in turn.

#### Condition Precedent: The Parties' Positions

Section 3.02 as a whole is entitled "Payment Terms," and provides in relevant part:

> a.   Cardinal Health shall provide an estimated invoice to Health Care Facility each calendar month for Cardinal Health fees and any applicable credits or debits arising from the reconciliation of prior month's actual invoice to the estimated invoice, and if applicable, any adjustments for physical inventory as provided in Exhibit B. Cardinal Health shall provide an estimated invoice fifteen (15) calendar days prior to the Service Month and such invoice payment shall be received no later than the first (1st) calendar day of the Service Month ("Payment Due Date"). The estimated invoice will be based upon the prior months' services and may vary.

---

[3]The Court notes that Defendants have since amended their Answer and Counterclaim to include additional causes of action. (Doc. No. 77).

\*\*\*

> d. If Health Care Facility disputes a portion of the invoice, it shall notify Cardinal Health in writing within ten (10) calendar days of receipt of the invoice and shall pay that portion of the invoice not in dispute according to the terms of this Agreement. If the disputed amount is incorrect, for reasons attributable to Cardinal Health, the finance charge shall not be assessed on the disputed portion only if that portion is paid within ten (10) calendar days of the resolution. If the disputed amount is correct or if the disputed amount is incorrect, for reasons attributable to Health Care Facility, the finance charge will apply. **Any Cardinal Health invoice not objected to in writing within thirty (30) calendar days after receipt is conclusively presumed to be correct in all respects.** (Emphasis added).

Defendants contend that the final sentence of section 3.02(d) operates as a condition precedent to allowing contracting hospitals the right to sue for damages under the Pharmacy Agreements regarding the validity or accuracy of the invoices. Such a provision, Defendants argue, violates Section 16.071(a) of the Texas Civil Practice and Remedies Code, which provides:

> A contract stipulation that requires a claimant to give notice of a claim for damages as a condition precedent to the right to sue on the contract is not valid unless the stipulation is reasonable. A stipulation that requires notification within less than 90 days is void.

TEX. CIV. PRAC. & REM. CODE ANN. § 16.071(a). Defendants cite language from Plaintiff's Response (Doc. No. 41) and answers to interrogatories as proof that Cardinal Health intends to use this clause to bar counterclaims. (Doc. No. 68 at 4).[4]

In its Response to Defendants' Motion for Partial Summary Judgment, Cardinal Health insists that section 3.02(d) of the Pharmacy Agreements "does not place any limit on Defendants'

---

[4]Defendants refer specifically to Cardinal Health's third affirmative defense: "VBMC's and VBMC-Brownsville's counterclaim is barred by failure of conditions precedent and/or conditions subsequent." (Doc. No. 41 attached answer at 8). Further, in response to an interrogatory asking Cardinal Health to detail all facts supporting its contention that Defendants' counterclaim is barred by failure of conditions precedent and/or subsequent, Cardinal Health asserted, "Moreover, the Pharmacy Agreement provided Valley Baptist with a mechanism for disputing invoices. Because Valley Baptist never timely utilized this mechanism, the charges were conclusively presumed to be correct in all respects." (Valley Baptist Medical Center–Brownsville Interrogatory No. 18).

4

ability to bring a suit for damages against Cardinal Health." (Doc. No. 72 at 2). Further, "[s]ection 3.02 (d) does not place any requirements or preconditions on Defendants' ability to bring a claim of damages against Cardinal Health." (*Id.* at 3). Thus, "[s]ection 3.02(d) in no way establishes a condition precedent to filing a lawsuit under the Pharmacy Agreements." (*Id.* at 6). Instead, the provision "simply required Defendants to timely notify Cardinal Health of any disputed charges contained in the invoices, pay any undisputed amounts, and provided that if disputes were not timely raised, the charges contained in the invoices would be conclusively presumed to be correct." (*Id.* at 3).

In its Supplemental Memorandum in Opposition to Defendants' Motion for Partial Summary Judgment, Plaintiff reiterated its position that the presumption created by section 3.02(d) "is not, as Defendants have argued, a requirement for giving notice of a claim for damages, or a condition precedent to sue on the contract." (Doc. No. 94 at 3) (internal citation omitted). Plaintiff also presented its position as to how the provision practically works. Instead of quoting the provision's language providing that an invoice not objected to in 30 days "is *conclusively* presumed to be correct," Cardinal Health maintained that the effect is only that the invoice "is presumed to be correct" and that it is a "factual presumption." (*Id.*) (emphasis added).

In its Reply to Plaintiff's Supplemental Memorandum, Defendants point out that in now arguing that "'*conclusive* presumption' is no more than a rebuttable factual presumption," Plaintiff contradicts its own pleadings. (Doc. No. 101 at 3). Plaintiff reiterated this interpretation, as well as its belief that the provision does not bar a claim for damages, at the Hearing of September 26, 2008:

5

| | |
|---|---|
| The Court: | But it's your position, Mr. Kruse [attorney for Plaintiff] . . . that what Cardinal gets out of this is a presumption that each invoice [is] valid unless it was objected to within 30 days, and that that presumption remains in existence until and unless the hospital comes forward with some kind of evidence to disturb it, to get rid of the presumption. |
| Mr. Kruse: | That is correct, Your Honor. |

***

| | |
|---|---|
| The Court: | All right. Well, let me try to make it clear, Mr. Kruse, as far as Cardinal's interpretation of this provision you're not saying that they don't have a right to bring their cause of action. |
| Mr. Kruse: | No, sir, we are not saying . . . this provision is a limitation of liability. I agree with exactly what you're saying, Your Honor. |
| The Court: | All right. So they can bring a cause of action. |
| Mr. Kruse: | Yes, Your Honor. |
| The Court: | And they can contest the validity of any invoice. |
| Mr. Kruse: | Yes, sir. |
| The Court: | But if they don't at trial you get a presumption it's valid. |
| Mr. Kruse: | Yes, sir that's correct. |

(Transcript at 47; 48–49). Defendants nonetheless urge the Court to disregard Plaintiff's latest representations, read the provision as creating a conclusive presumption, and on this basis declare the provision void as against public policy. (Doc. No. 101 at 3, 4).

6

## **Condition Precedent: Discussion**

The Court finds that Article III, section 3.02(d) of the Pharmacy Agreements does not operate as a condition precedent to filing a claim for damages such that it violates § 16.07 of the Texas Civil Practice and Remedies Code. First, even if Plaintiff did contend that the provision acts as a condition precedent to filing a claim for damages, the Court would reject this interpretation as a misreading of the provision's language. The sentence at issue provides that "any Cardinal Health invoice not objected to in writing within thirty (30) calendar days after receipt is conclusively presumed to be correct in all respects." This language does not require "a claimant to give notice of a claim for damages as a condition precedent to the right to sue on the contract," as contemplated by § 16.07 of the Texas Civil Practice and Remedies Code. The provision does not preclude a claimant who gives no notice or unseasonable notice of a disputed invoice from filing a claim for damages concerning goods or services represented by the invoice; rather, the provision stipulates that the invoice will be presumed correct in all respects. Defendants contend that this is a distinction without a difference. (Doc. No. 101 at 4). This Court disagrees.

While it is true that this provision when read literally could make proving certain causes of action more difficult, a claimant could allege many causes of action arising out of the contract that would not require disproving the contents of a specific invoice. Nor does the 30-day window for disputing an invoice equate to a violation of the 90-day notice requirement. The Code invalidates any contractual provision requiring notice of a claim for damages within less than 90 days. This contractual provision is silent as to any required notice of a claim for damages. The 30-day contractual period applies only as to a question of the accuracy of certain invoices, a provision of which the hospital was well aware prior to its decision not to pay the invoices. (*See, e.g.*, Deposition

7

Testimony of James Eastham, 181:16 - 187:5; email from Betty Jo Ganey to Scott Lieberenz, June 15, 2007, 7:26 a. m.).

Further, Texas case law supports the Court's reading of this clause. As a general matter, since section 16.071 "is restrictive and in derogation of the common-law right to freely contract, under well-settled rules [it is] to be construed strictly." *Komatsu v. U.S. Fire Ins. Co.*, 806 S.W.2d 603, 606 (Tex.App.–Fort Worth 1991, writ ref'd). Consistent with this policy, the Supreme Court of Texas has held that a deposit agreement requiring customers to give notice of any unauthorized transactions within 60 days of the mailing of the statement, or waive any objections, does not violate section 16.071 because "by its terms" the statute does not apply "when the notice to be given is not notice of a claim for damages, but rather notice of unauthorized transactions." *Am. Airlines Employees Fed. Credit Union v. Martin*, 29 S.W.3d 86, 89 (Tex. 2000); *see also Cmty. Bank & Trust v. Fleck*, 107 S.W.3d 541, 542 (Tex. 2002) (upholding a provision requiring notice of objection in less than 14 days).[5] For similar reasons, the Court finds that Article III, section 3.02(d) of the Pharmacy Agreements does not contain a condition precedent to the right of Defendants to bring claims for damages and so does not violate § 16.07 of the Texas Civil Practice and Remedies Code.

Second, Plaintiff has made binding representations to the Court both in its most recent pleadings as well as at the Hearing of September 26, 2008, that Cardinal Health does not and will not ask this Court to interpret this provision as creating a condition precedent to filing suit. In its

---

[5] The case Defendants cite in support of their interpretation of section 16.07 is inapposite, since the provision the court rejected in that case provided that the "Company ***shall not be liable for claims of any kind*** . . . not presented to it in writing within 90 days . . . ." *Atwood Oceanics, Inc. v. Zust Bachmeier of Switzerland, Inc.*, 248 Fed. Appx. 562, 563 (5th Cir. 2007) (emphasis added).

Supplemental Memorandum in Opposition to Defendants' Motion for Partial Summary Judgment, Plaintiff explicitly rejects this interpretation:

> Cardinal Health and Valley Baptist have created by their agreement a presumption that if an invoice is not objected to within thirty (30) days, it is presumed to be correct. This presumption is not, as Defendants have argued, a requirement for giving notice of a claim for damages, or a condition precedent to sue on the contract. Rather it is a factual presumption of the kind contemplated by Tex. Bus. & Comm. Code § 1.206. If Valley Baptist failed to object to invoices within thirty (30) days, the trier of fact is to find that the invoices were correct, unless and until evidence is introduced that supports a finding of its nonexistence.

(Doc. No. 94 at 3) (internal citation and quotation omitted). Plaintiff further represented at the Hearing that the provision is "not a limitation of liability" and that it allows defendants to bring a cause of action contesting the validity of any invoice. (Transcript at 48–49). The Court specifically asked Plaintiff if "what Cardinal gets out of this [provision] is a presumption that each invoice [is] valid unless it was objected to within 30 days, and that presumption remains in existence until and unless the hospital comes forward with some kind of evidence to disturb it, to get rid of the presumption[?]". Plaintiff responded, "That is correct, Your Honor." (*Id.* at 47). The Court considers these representations to be binding on Plaintiff. Thus, neither the plaintiff who is attempting to enforce the contract nor this Court find this provision to create an inappropriate condition precedent.

### Statute of Limitations: Valley Baptist Hospitals' Positions

Defendants also contend that section 3.02(d) of the Pharmacy Agreements "is an inappropriate attempt by Cardinal to establish a limitations period which is far shorter than that which is prescribed by Texas law." (Doc. No. 68 at 7). Section 16.004(a) of the Texas Civil Practice and Remedies Code provides that a party is afforded four years after a cause of action accrues within

which to file a cause of action. Further, any "stipulation, contract or agreement that establishes a limitations period, which is shorter than two years, is void in [Texas]." TEX. CIV. PRAC. & REM. CODE ANN. § 16.070. By stipulating that any invoice not objected to within 30 days of receipt is presumed correct in all respects, the provision "purports to circumvent and render ineffective a statutory provision," and, as such, "is unenforceable." (Doc. No. 68 at 7).

### Statute of Limitations: Discussion

Cardinal Health does not directly respond to this argument in either its Response or Supplemental Memorandum. Nonetheless, to the extent that Cardinal Health denies that it interprets section 3.02(d) to implicate the right to file a claim for damages, then Cardinal Health of necessity denies that the provision imposes a limitations period of the kind relevant to the Texas statute of limitations. Similarly, to the extent that the Court does not read this provision as implicating the right to file a claim for damages, the provision does not purport "to circumvent and render ineffective" §§ 16.004(a) and 16.070 of the Texas Civil Practice and remedies Code.

For these reasons, the Court DENIES Defendants' Motion for Partial Summary Judgment.

Signed this 24th day of October, 2008.

Andrew S. Hanen

United States District Judge