# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### –BROWNSVILLE DIVISION–

| | | |
|---|---|---|
| CARDINAL HEALTH SOLUTIONS, INC., | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:07-CV-00111 |
| | § | |
| VALLEY BAPTIST MEDICAL CENTER | § | |
| and VALLEY BAPTIST MEDICAL | § | |
| CENTER–BROWNSVILLE | § | |
| Defendants | § | |

## MEMORANDUM OPINION AND ORDER

On October 23, 2008, Defendants/Counter-Plaintiffs Valley Baptist Medical Center and Valley Baptist Medical Center–Brownsville filed a Motion for Leave to Join Cardinal Health 303, Inc. and Cardinal Health, Inc. as Additional Parties. (Doc. No. 123). Plaintiff Cardinal Health Solutions, Inc. filed its Response on November 6, 2008, as well as a Motion to Strike Parties From Defendants' Second Amended Answer and Counterclaim. (Doc. Nos. 133, 135). On November 21, 2008, the Court held a Hearing at which the parties presented arguments on a variety of pending motions, including Defendants' Motion for Leave to Join and Plaintiff's Motion to Strike.[1]

Having considered Defendants' Motion to Join and Plaintiff's Motion to Strike, the Responses filed by both sides, and the arguments presented at the Hearing of November 21, 2008, the Court hereby GRANTS IN PART and DENIES IN PART Defendants' Motion for Leave to Join Cardinal Health 303, Inc. and Cardinal Health, Inc. as Additional Parties. (Doc. No. 123). Specifically, the Court GRANTS Defendants leave to join Cardinal Health 303, Inc. but DENIES

---

[1] Defendants have also submitted a Motion for Leave to File Response in Opposition to Plaintiff's Motion to Strike and Motion for Leave to File Reply to Plaintiff's Response to Defendants' Motion for Leave to Join (Doc. No. 153), as well as accompanying briefs (Doc. Nos. 154, 156). The Court hereby GRANTS Defendants' Motions for Leave to File (Doc. No. 153).

Defendants leave to join Cardinal Health, Inc.  The Court also DENIES Plaintiff's Motion to Strike

Parties From Defendants' Second Amended Answer and Counterclaim.  (Doc. No. 135).

## Background

Plaintiff Cardinal Health Solutions, Inc.  filed suit against Defendants Valley Baptist Medical

Center and Valley Baptist Medical Center–Brownsville (together, "Valley Baptist") on July 30,

2007, alleging breach of contract stemming from Valley Baptist's withholding of payments allegedly

owed under written contracts collectively known as the "Pharmacy Agreements."  Cardinal Health

Solutions, Inc. is a subsidiary corporation of Cardinal Health, Inc., the parent corporation of a system

of entities providing pharmacy supplies and management services to health care facilities and

hospitals.  Prior to entering into the Pharmacy Agreements, Defendants were provided an operational

assessment of their hospital pharmacies by an entity known as Cardinal Health 101, Inc.  Defendants

also had early communications with another Cardinal entity, Cardinal Health 109, Inc., with whom

Valley Baptist ultimately entered into the Pharmacy Agreements.  Both Cardinal Health 101 and

Cardinal Health 109 have since been merged into a separate entity known as Cardinal Health 303,

Inc.  Subsequent to this merger, Cardinal Health 303, Inc. assigned various "contracts, agreements

or arrangements" relating to the Pharmacy Agreements to Cardinal Health Solutions, Inc., the

plaintiff in this case.  (Contribution and Assumption Agreement at 1).

Defendants originally filed a complaint before the instant suit, bringing a claim for breach

of contract against Cardinal Health, 109, Inc. in state court in Cameron County, Texas.  (No. B-07-

112, Doc. No. 1, Exhibit D).  The defendant in that case removed the suit to federal court, and also

moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b) because Cardinal Health 109

had ceased to exist by operation of law as a result of the merger with Cardinal Health 303.  (No. B-

07-112, Doc. Nos. 1, 3).  Valley Baptist then filed an Unopposed Motion to Dismiss its removed action against Cardinal Health 109, in which Valley Baptist stated that they intended to answer Cardinal Health Solution's complaint in the instant case "and, in due course, file a counterclaim raising similar issues" to those it raised in its removed case.  (No. B-07-112, Doc. No. 8).  The two cases having been consolidated, this Court granted Valley Baptist's Unopposed Motion to Dismiss the removed case.  (No. B-07-112, Doc. No. 9).  On August 31, 2007, Valley Baptist moved to dismiss the instant case under Rule 12(b), alleging that Cardinal Health Solutions was not a party to the Pharmacy Agreements, and filed an Answer and Counterclaim, alleging breach of contract and asking for declaratory relief.  (Doc. Nos. 7, 9),  The same day, Valley Baptist moved to add Cardinal Health 303 as a party to this suit pursuant to Rule 19.  (Doc. No. 8).

On September 28, 2007, Cardinal Health Solutions and Valley Baptist entered into an Unopposed Joint Stipulation Withdrawing as Moot Valley Baptist's Motion to Dismiss and Motion for Joinder, which provided in relevant part:

> Plaintiff Cardinal Health Solutions has provided Defendants with documentation demonstrating that Plaintiff's predecessor, Cardinal Health 109, Inc. was merged into an affiliated entity, Cardinal Health 303, Inc. . . . . After the merger, Cardinal Health 303 assigned various assets, including all rights and obligations under the Pharmacy Agreements, to Cardinal Health Solutions.
>
> Therefore, the parties hereby agree and stipulate that Cardinal Health Solutions is the proper party for pursuing all of Plaintiff's claims against Defendants relating to the Pharmacy Agreements, including but not limited to the causes of action alleged in the Complaint . . . . The parties also hereby agree and stipulate that Cardinal Health Solutions is the proper party against whom Defendants may pursue their claims against Plaintiff relating to the Pharmacy Agreements, including but not limited to the causes of action alleged in Defendants' Answer and Counterclaim . . . .

(Doc. No. 13 at 1–2).

On October 12, 2007, this Court entered a Scheduling Order in which the parties agreed that new parties must be joined by November 16, 2007. (Doc. No. 17). The discovery deadline was set for June 27, 2007, and jury selection was set for September 4, 2008. (*Id.*) Upon a joint motion of the parties, the Court on February 15, 2008, entered a Modified Scheduling Order moving the discovery deadline to September 26, 2008, and jury selection to December 4, 2008. (Doc. No. 22). Again upon joint motion of the parties, this Court entered a Modified Scheduling Order on May 7, 2008, moving the discovery deadline to October 10, 2008. (Doc. No. 35). In subsequent months, the Court was called upon to adjudicate a number of disputes between the parties. As a result of these disputes, as well as the large volume of documents exchanged among the parties, the Court granted several extensions of time to designate experts and furnish expert reports. On August 26, 2008, shortly after the deadline for Defendants to furnish their expert report, Defendants filed their First Amended Answer and Counterclaim, alleging new claims against Cardinal Health Solutions for fraud, violations of the Racketeering Influenced and Corrupt Organizations Act (RICO), and breach of fiduciary duty. (Doc. No. 73).

After Plaintiff filed a Motion to Dismiss Defendants' Counterclaims, (Doc. No. 90), contending, in part, that Defendants had not pleaded the fraud and RICO claims with sufficient particularity, Defendants asked the Court for leave to file a Second Amended Answer and Counterclaims, which leave this Court granted. The Court also agreed to extend the discovery deadline to October 17, 2008. At a telephonic conference held September 16, 2008, the Court yet again extended the discovery deadline, now to December 31, 2008, where it remains, and reset jury selection for February 5, 2009. On October 23, 2008, Defendants filed their Second Amended

4

Answer and Counterclaims, as well as the instant Motion for Leave to Join Cardinal Health 303, Inc. and Cardinal Health, Inc. as Additional Parties.  (Doc. Nos. 121, 123).

**Arguments**

In the Motion for Joinder now under consideration, Defendants Valley Baptist ask the Court for leave to join Cardinal Health 303, Inc. and Cardinal Health, Inc. pursuant to Federal Rules of Civil Procedure 13(h), 19, and 20.  (Doc. No. 123).  Defendants contend that although Cardinal Health Solutions "claims to have been conveyed the rights and obligations under the Pharmacy Agreements from Cardinal Health 303, Inc. . . . it does not appear to have received all other liabilities that Cardinal Health 109, Inc. may have had."  (*Id.* at 3).  Further, "Cardinal Health, Inc. is a necessary party with respect to the defendants' RICO claim."  (*Id.*).  Thus, Defendants contend, "defendants should be granted leave to join Cardinal Health 303, Inc. and Cardinal Health, Inc. as additional parties, because complete relief cannot be accorded among the existing parties. FED R. CIV. P. 19."  (*Id.* at 2).  Additionally, the "right to relief claimed by the defendants against the additional parties arises out of the same transaction, occurrence, or series of transactions and occurrences. FED. R. CIV. P. 20(a)."  (*Id.*).

Plaintiff opposes joinder of Cardinal Health 303, Inc. and Cardinal Health, Inc. on a number of grounds.  First, Defendants have judicially admitted multiple times, including in the Joint Stipulation, that Cardinal Health Solutions is the proper party for any claims arising out of the Pharmacy Agreements and that no additional parties are necessary. (Doc. No. 133 at 5–6).  Second, Rule 19 does not require joinder of Cardinal Health 303 and Cardinal Health Inc. because "complete relief can be obtained on all of Valley Baptist's counterclaims from Cardinal Health [Solutions] alone."  (*Id.* at 8).  Finally, Defendants should not be allowed to join these parties under Rule 20

5

because: (1) justice requires denying joinder because Defendants have judicially admitted that Plaintiff is the proper party for its counterclaims; (2) the deadline for joining parties passed over a year ago and granting joinder now would cause undue delay; (3) granting joinder would cause prejudice to Plaintiff and the proposed additional parties; (4) Defendants' motives for joinder are dilatory because they seek to harass an delay; and (5) Defendants' request is futile because the claims asserted against the proposed additional parties are time-barred or meritless. (*Id.* at 13–18).

## Discussion

Defendants ask leave to join Cardinal Health 303, Inc. and Cardinal Health, Inc. as additional parties pursuant to Federal Rules of Civil Procedure 13(h), 19, and 20. Rules 19 and 20 are the most relevant for purposes of this discussion.

### I.   APPLICABLE RULES

Rule 19 provides, in part, that a person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined if "in that person's absence, the court cannot accord complete relief among the existing parties." FED R. CIV. P. 19(a)(1)(A). "Rule 19 provides for the joinder of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute at issue." *HS Res., Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003). Rule 19(a)(1)(A) "stresses the desirability of joining those persons in whose absence the court would be obliged to grant partial or 'hollow' rather than complete relief to the parties before the court." FED R. CIV. P. 19 (Advisory Committee Notes).

Rule 20 provides, in part, that persons may be joined as defendants[2] if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." FED R. CIV. P. 20(a)(2). "The provisions for permissive joinder under Rule 20 are very broad and the court is given discretion to decide the scope of the civil action and to make such orders as will prevent delay and prejudice." *Arrington v. City of Fairfield, Ala.*, 414 F.2d 687, 693 (5th Cir. 1969).

II.   ANALYSIS

A.   *Cardinal Health 303, Inc.*

The Court grants Defendants leave to join Cardinal Health 303, Inc. under Rule 20. Rule 20 gives the court broad discretion to join parties when doing so "will prevent delay and prejudice." *Arrington*, 414 F.2d at 693. The Court finds that joining Cardinal Health 303, Inc. is appropriate at this time to prevent potential prejudice to Defendants.

The Court notes at the outset the reasons against granting permissive joinder of either party under Rule 20. The deadline for joining new parties in this case was November 16, 2007, over one year ago. This case has been pending for almost a year and a half, and the Court has granted numerous extensions of discovery deadlines and moved the trial date twice. Moreover, the parties have stipulated that "Cardinal Health Solutions is the proper party against whom Defendants may pursue their claims against Plaintiff relating to the Pharmacy Agreements, including but not limited to the causes of action alleged in Defendants' Answer and Counterclaim . . . ." (Doc. No. 13 at 2).

---

[2]To the extent that Defendants seek leave to add Cardinal Health 303 and Cardinal Health, Inc. as counter-defendants to their counterclaims, Rule 20(2), regarding permissive joinder of defendants, is the applicable rule.

Nonetheless, in the case of Cardinal Health 303, Inc., the Court finds the reasons to permit joinder more compelling.   Defendants' claims for fraud and under RICO rest on alleged misrepresentations by Cardinal Health 101, Inc. and Cardinal Health, 109, Inc.  Both of these entities were merged into Cardinal Health 303, Inc. and so no longer exist.  According to Plaintiff, as a result of the Contribution and Assumption Agreement, "Cardinal Health 303 assigned its 'contracts, agreements or arrangements,' which included all rights and liabilities under the Pharmacy Agreements, to Cardinal Health [Solutions]." (Doc. No. 133 at 4).  Plaintiff further insists that "complete relief can be obtained on all of Valley Baptist's counterclaims from Cardinal Health [Solutions] alone." (*Id.* at 8).  Despite these earlier written contentions, Plaintiff represented to the Court at the Hearing of November 21, 2008, that "Cardinal Health Solutions would only be liable for fraudulent acts that the jury found it committed, not the acts of another entity."  This inconsistency, as well as certain language in the Contribution and Assumption Agreement[3], suggests that whether or not Cardinal Health Solutions, Inc., the Plaintiff in this case, is in fact liable for the allegedly fraudulent conduct of Cardinal Health 101 and Cardinal Health 109 is unclear.  To the extent that Plaintiff turns out not to liable for this conduct, then the Court is concerned that the Joint Stipulation rests on a misleading premise, i.e. that "[a]fter the merger [with 101 and 109], Cardinal Health 303 assigned various assets, including *all* rights and obligations under the Pharmacy Agreements, to Cardinal Health Solutions."  (Joint Stipulation at 1) (emphasis added).  For these

---

[3]For example: "CH 303 desires to transfer and contribute and CH Solutions desires to accept and assume the Operating Assets *comprised of the contracts, agreements or arrangements with the parties, or as documented by the items, listed in Schedule A, as applicable, and the related assets and liabilities thereto (including the assets and liabilities of CH 303 related thereto)*, such assets and liabilities in the approximate aggregate amount of [redacted] as reflected in the attached Schedule B and Schedule C (collectively the "Transfer Operating Assets"), as a contribution to the capital of CH Solutions (the "Contribution")." (Contribution and Assumption Agreement at 1) (emphasis added).

8

reasons, the Court believes that the potential prejudice to Defendants' claims consequent to denial of joinder outweighs any additional delay consequent to granting leave under Rule 20.[4]

      B.    *Cardinal Health, Inc.*

Under Rule 19, the Court should join Cardinal Health, Inc. if, in its absence, "the court cannot accord complete relief among the existing parties," i.e. Cardinal Health Solutions, Inc., Valley Baptist Medical Center, and Valley Baptist Medical Center–Brownsville.  The question for this Court under Rule 19 is then whether complete relief can be accorded Plaintiff and Defendants without the addition of Cardinal Health, Inc.

Defendants assert without support that "Cardinal Health, Inc. is a necessary party with respect to the defendants' RICO claim." (Doc. No. 123 at 3.).  This is insufficient.  Defendants do not need to join Cardinal Health, Inc. in order to make a RICO claim against Cardinal Health Solutions (or, alternatively, Cardinal Health 303 as successor-in-interest to Cardinal Health 101 and Cardinal Health 109), see *Riverwoods Chappaqua Corp. v. Marine Midland Bank, N.A.*, 30 F.3d 339, 344 (2nd Cir. 1994) (noting that "a section 1962(c) claim may be sustained where there is only partial overlap between the RICO person and the RICO enterprise"), and absent any support detailing how complete relief on Defendants' claims cannot be accorded from Cardinal Health Solutions (or Cardinal Health 303, Inc.), the Court will not compel joinder of additional parties under Rule 19.

Rule 20 gives the court broad discretion to join parties when doing so "will prevent delay and prejudice." *Arrington*, 414 F.2d at 693.  The Court finds that joining Cardinal Health, Inc. is unnecessary at this time and doing so would cause rather than prevent delay and prejudice.

---

[4]The Court does not intend by this ruling to prejudge the merits of the RICO or fraud claims, or any other of Defendants' claims.  As the parties know, these claims are currently being challenged by Plaintiff and are under review. The Court chose to rule on this Motion first because it would aid the parties in discovery and trial preparation.

Defendants have possessed the information on which they base much of their RICO claim, i.e. the expert report of Betty Ganey, since June 2008 at the very latest, and waited until October 23, 2008, to ask for leave to join Cardinal Health, Inc.  This is unnecessarily dilatory.

For these reasons, the Court hereby GRANTS Defendants' Motion to the extent that it asks for leave to join Cardinal Health 303, Inc. and DENIES Defendants' Motion to the extent that it asks for leave to join Cardinal Health, Inc. as additional parties (Doc. No. 123).  The Court also GRANTS Defendants' Motion for Leave to File  Response in Opposition to Plaintiff's Motion to Strike and Motion for Leave to File Reply to Plaintiff's Response to Defendants' Motion for Leave to Join (Doc. No. 153), and DENIES Plaintiff's Motion to Strike Parties From Defendants' Second Amended Answer and Counterclaim.  (Doc. No. 135).

Signed this 8th day of December, 2008.

Andrew S. Hanen

United States District Judge